IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALESSANDRA E. WEST** | : | CIVIL DIVISION |
| 43 S. Street, NW | : | |
| Washington, D.C | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff | : | **COMPLAINT** |
| | : | |
| v. | : | Case No: _____ |
| | : | |
| **GEICO INSURANCE COMPANY.** | : | Counsel of Record: |
| One GEICO Boulevard | : | Jaime D. Jackson, Esquire |
| Fredericksburg, VA 22412-0003 | : | ID No. 80448 |
| | : | P.O. Box 248 |
| Defendants | : | Landisville, PA 17538 |
| | : | jaime@jaimejacksonlaw.com |
| | : | (717) 519-7254 |
| | : | And |
| | : | Benjamin Boscolo *(Pro Hac Vice Pending)* |
| | : | Chasen Boscolo |
| | : | 7852 Walker Drive, Suite 300 |
| | : | Greenbelt, Maryland 20770 |
| | : | (301) 220-0050 |
| | : | Fax (301) 474-1230 |
| | : | bboscolo@chasenboscolo.com |

## COMPLAINT

AND NOW, comes Plaintiff, Alessandra E. West, by and through her attorney, Jaime D. Jackson, Esquire, and files the following Complaint and states as follows:

### PARTIES TO THE CAUSE OF ACTION

1. Alessandra West (hereinafter "Ms. West") is a resident of the District of Columbia.

2. Defendant Geico Insurance Company (hereinafter "Geico") is a Virginia insurance corporation and / or other business entity that has its principal place of business at One Geico Boulevard, Fredericksburg, Virginia 22412, and which regularly conducts business in the

1

Commonwealth of Pennsylvania, and which has been authorized by the Pennsylvania Insurance Commissioner to write, offer, sell and / or issue policies of automobile insurance in the Commonwealth of Pennsylvania, including the insurance policy at issue in this case entered into in Lancaster County, Pennsylvania.

## STATEMENT OF JURISDICTION AND VENUE

3. This is a diversity action arising out of 28 U.S.C. § 1332 (a)(1). Ms. West is a citizen of the District of Columbia. Defendant Geico is a citizen of Virginia.

4. The Court has jurisdiction over Ms. West's claims pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy that exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(2) and (b) because the insurance contract entered into giving rise to this action occurred in Lancaster County in the Eastern District of Pennsylvania as outlined by the facts below in the "Statement of Facts".

6. Ms. West was a resident of Pennsylvania at the time of the November 20, 2018, accident giving rise to this Underinsured Motorist Claim and now resides in the District of Columbia.

7. The GEICO insurance policy at issue in this case provides that in the event of a dispute between GEICO and it's insured over entitlement to underinsured motorist benefits or the appropriate amount of such benefits, "then the dispute shall be resolved in a court of competent jurisdiction in the county or federal district where the insured resided at the time of the accident." Defendant GEICO's policy of insurance, the relevant portions of which are attached hereto as **Exhibit "A".**

**STATEMENT OF FACTS**

8. Defendant GEICO entered in the insurance contract under which these claims are being made in Landisville, Lancaster County in the Commonwealth of Pennsylvania.

9. On or about November 20, 2018, at approximately 2:30 p.m., George Karalus, Jr. was driving an Acura MDX northbound on I-95, at or near the exit to Route 133 in Stafford County, Virginia.

10. At the same time and place, Ms. West was driving a Hyundai Elantra on northbound on I-95 that was stopped for traffic.

11. Mr. Karalus' vehicle slammed into the rear of Ms. West's vehicle propelling her vehicle into the vehicle in front of it.

12. Ms. West has sustained serious injuries, including permanent physical and emotional injuries, including but not limited to a traumatic brain injury, post concussive syndrome, post-traumatic stress disorder, and depressive disorder due to another medical condition. Ms. West experienced past, present, and future physical symptoms, including immobility, isolation and diminished capacity to perform and enjoy the activities of daily living and enjoy life. Ms. West endured and continues to endure mental and emotional damages, including frustration, fright, shock and anguish.

**COUNT I**

**ALLESSANDRA WEST V. GEICO INSURANCE COMPANY**

**UNDERINSURED MOTORISTS CLAIM**

13. Ms. Alessandra West, hereby incorporates by reference the allegations of paragraphs one (1) through twelve (12) above and in addition, avers that Defendant GEICO is obligated to pay underinsured motorist's benefits in an amount equal to the policy limits.

14. Defendant, GEICO Insurance Company, regularly conducts business in the Commonwealth of Pennsylvania, and has been authorized by the Pennsylvania Insurance Commissioner to write, offer, sell and/or issue policies of automobile insurance in the Commonwealth of Pennsylvania.

15. At all times material and relevant hereto, Ms. West was an "insured" on GEICO Insurance Company Policy No. Q01 0505015 with UIM coverage (hereinafter "the policy".), pursuant to the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter the "MVFRL").

16. At all times material and relevant hereto, the aforesaid policy provided for underinsured motorists coverage for five vehicles with underinsured motorist limits of $300,000 per person, per accident. *See the applicable Personal Auto Policy Declarations page attached hereto and marked* **Exhibit "B".**

17. Ms. West was a driver of one of the vehicles insured under the policy at the time of the collision.

18. As a result of the motor vehicle collision Ms. West suffered serious impairment of bodily function. Considering the foregoing and pursuant to the MVFRL, Ms. West is accorded "Full Tort" status in the instant action.

19. Ms. West has sustained serious injuries, including permanent physical and emotional injuries, including but not limited to a traumatic brain injury, post concussive syndrome, post-traumatic stress disorder, and depressive disorder due to another medical condition.  Ms. West experienced past, present, and future physical symptoms, including immobility, isolation and diminished capacity to perform and enjoy the activities of daily living

and enjoy life.  Ms. West endured and continues to endure mental and emotional damages, including frustration, fright, shock and anguish.

20. In light of the foregoing, on or about October 7, 2016, Ms. Wests settled her claim against Defendant Karalus for the limits available under his third-party automobile insurance policy.

21. The limits of Defendant Karalus' applicable automobile liability insurance policy are insufficient to compensate Ms. West for the losses and damages she entitled to recover as a result of this collision.

22. Under the terms and conditions of the GEICO Insurance Company insurance policy and the Pennsylvania MVFRL, Defendant GEICO is obligated to pay to Ms. West the amount of any and all damages that exceed the limits of any automobile liability insurance policy or policies covering a legally responsible Defendant with respect to this accident, up to its policy limit.

23. In addition, Defendant GEICO's policy language requires that suit be brought against Defendant GEICO in order to preserve and pursue any underinsured motorist claim. Ms. West has fully complied with the terms, conditions and duties required under Defendant GEICO's policy of insurance, the relevant portions of which are attached hereto as *Exhibit "B"*.

24. Defendant GEICO has failed to objectively and reasonably evaluate Ms. West claims.

25. Defendant GEICO has chosen not to promptly tender payment of the reasonable and fair value of the underinsured motorist claim or any portion thereof to Ms. West.

26. Defendant GEICO chose not to reasonably investigate Ms. West's claims inasmuch as a thorough and proper investigation would have revealed that the Ms. West

sustained injuries, damages and losses for which reasonable compensation would have required a tender of the Policy limits.

27. Defendant GEICO owes a contractual obligation to investigate, evaluate and negotiate the underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

28. For the reasons set forth above, Defendant is in breach of its contractual obligations under the Policy.

29. As a direct and proximate result of this crash, Ms. West suffered severe and uncompensated damages. These damages include past, present, and future physical symptoms, immobility, isolation and diminished capacity to perform and enjoy the activities of daily living and enjoy life, pain and suffering, anguish and distress, and loss of life's pleasures. Ms. West has suffered a loss of earnings and earnings capacity, both past and future. Ms. West has incurred and continues to incur costs and expenses for medical care and treatment. These damages caused Ms. West to expend great sums of money for hospitals, physicians, and related care and treatment. Ms. West endured and continues to endure mental and emotional damages, including frustration, fright, shock and anguish. These damages also caused Ms. West to lose time and business opportunities. For all of which damages are claimed.

30. Ms. West neither contributed to any violations of the traffic safety laws which caused this collision, nor assumed the risk of the injuries sustained.

**WHEREFORE**, Alessandra West, demands judgment on her behalf and against Defendant Geico Insurance Company, for Underinsured Motorists benefits in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) with costs and interest thereon as allowed by law.

## COUNT II

## ALLESSANDRA WEST V. GEICO INSURANCE COMPANY

## BREACH OF CONTRACT

31.     Mr. Alessandra West, hereby incorporates by reference the allegations of paragraphs one (1) through thirty (30) above and in addition, avers that Defendant GEICO'S conduct constitutes a breach of contract justifying an allowance of benefits equal to the policy limits.

32.     Ms. West has fully complied with the terms, conditions and duties required under Defendant GEICO's policy of insurance, the relevant portions of which are attached hereto as *Exhibit "A"*.

33.     Defendant has failed to objectively and reasonably evaluate Ms. West's claims.

34.     Defendant has failed to promptly tender payment of the reasonable and fair value of the underinsured motorist claim or any portion thereof.

35.     Defendant failed to reasonably investigate Ms. West's claims inasmuch as a thorough and proper investigation would have revealed that Ms. West sustained injuries, damages and losses for which reasonable compensation would have required a tender of the Policy limits.

36.     As the insurer of the Ms. West Defendant owes a contractual obligation to investigate, evaluate and negotiate the underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

37.     For the reasons set forth above, Defendant is in breach of its contractual obligations under the Policy.

**WHEREFORE**, Alessandra West, demands judgment on her behalf and against Defendant Geico Insurance Company, for Underinsured Motorists benefits in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) with costs and interest thereon as allowed by law.

**A TRIAL BY JURY IS REQUESTED IN THIS MATTER.**

Date: July 25, 2023                      Respectfully submitted,

**JAMIE JACKSON LAW**

By:     */s/: Jaime D. Jackson*
Jamie Jackson, Esq
PO Box 248
Landisville, PA 17538
(717) 519-7254
jaime@jaimejacksonlaw.com
Counsel for ALESSANDRA WEST

**CHASENBOSCOLO**

By:     */s/ Benjamin T. Boscolo*
Benjamin T. Boscolo *(Pro Hac Vice Pending)*
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
Fax (301) 474-1230
bboscolo@chasenboscolo.com
Counsel for ALESSANDRA WEST *(Pro Hac Vice Pending)*